Appellants.— Order denying defendants' motion to dismiss complaint for lack of prosecution affirmed, without costs. No opinion. Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ., concur.

LINCOLN B. HASKIN, Respondent, v. ANTHONY BIZUK, Appellant.— Order and judgment of the County Court of Nassau county, affirming a judgment of a justice of the peace of the town of Hempstead, affirmed, with costs. No opinion. Kelly, P. J., Jaycox and Manning, JJ., concur; Kapper, J., with whom Lazansky, J., concurs, dissents, and votes to reverse, upon the ground that the sole remedy of plaintiff was to move in the separation action under the order granting counsel fee.

SOLOMON HELLER, Respondent, v. FRANK TURNER and CELIA TURNER, His Wife, Appellants, and Others, Defendants.— Judgment of the County Court of Kings county unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

MYRON HERBERT, Respondent, v. VINCENT T. PISARRA, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

In the Matter of the Application of ALSHAP REALTY CORPORATION, Respondent, for a Peremptory Order of Mandamus against ALBERT E. KLEINERT, as Superintendent of Buildings, etc., Appellant.— Peremptory mandamus order modified by providing that an alternative mandamus order shall issue, with costs to abide the event. The record before us presents a question of fact that should be tried out by an alternative order as to whether or not, under the provisions of the Building Code (Art. 1, § 4, subd. 4)* work was commenced within one year from the time of the issuance of the permit. Kelly, P. J., Manning, Young and Kapper, JJ., concur; Lazansky, J., dissents, and votes for reversal of the order and a denial of the motion, upon the ground that the papers do not show that petitioner is entitled to relief by mandamus.

In the Matter of the Application of CHARLES J. DODD, as District Attorney of Kings County, Respondent, for a Peremptory Mandamus Order against FRANKLIN TAYLOR, Individually and as County Judge of Kings County and as a Judge of the County Court of Kings County, Appellant.— Peremptory mandamus order affirmed, without costs. Under section 1943 of the Penal Law, in effect July 1, 1926,† when the district attorney presented to the County Court an information that Simmons had been convicted four times of felony, it was the duty of the County Court in which the last conviction was had to cause Simmons to be brought before it, and to inform him of the allegations in the information and of his right to be tried as to the truth thereof, according to law, and to require Simmons to say whether he is the same person as charged in the information, or not. It was not within the province of the County Court to anticipate any of the questions that might be raised when Simmons was brought before it. Since the information contained the essential facts, it was the duty of the court to cause Simmons to be brought before it. Upon the record before this court, it cannot pass upon the questions of whether or not section 1943 of the Penal Law is applicable to Simmons, whether or not the power of the court is discretionary

---

* See Code of Ordinances of the City of New York, chap. 5, art. 1, § 4, subd. 4.— [REP.

† See Laws of 1926, chap. 457.— [REP.